IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-672

| | |
|---|---|
| DUKE UNIVERSITY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **NOTICE OF REMOVAL** |
| | ) |
| ENDURANCE RISK SOLUTIONS | ) |
| ASSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

Pursuant to 28 U.S.C. § 1441, Defendant Endurance Risk Solutions Assurance Company ("Endurance"), files this Notice of Removal of the above-captioned action from the North Carolina General Court of Justice, Superior Court Division, Wake, where it is now pending, to the United States District Court for the Eastern District of North Carolina and shows the Court the following:

1. Plaintiff Duke University ("Duke") filed this action on November 13, 2020, in the North Carolina General Court of Justice, Superior Court Division, Wake County. Duke's process to Endurance was first received by service on the North Carolina Commissioner of Insurance on November 16, 2020.

Grounds for Removal/Jurisdiction

2. This case is removable by Endurance pursuant to 28 U.S.C. § 1441(a) as it is a civil action "of which the district courts of the United States have original jurisdiction."

3.      Removal of this case is proper because this Court has original subject matter jurisdiction of this case under 28 U.S.C. § 1332 since Plaintiff and Endurance are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Citizenship of the Parties

4.      Plaintiff alleges that it is a not-for-profit corporation existing and organized under the laws of the State of North Carolina, and located in Durham, North Carolina.  *See* Complaint, ¶ 2.

5.      Endurance is a Delaware corporation with a principal office in Purchase, New York.  *See* Complaint, ¶ 3.

### Amount in Controversy

6.      Duke's Complaint is replete with allegations that the amount in controversy is well in excess of $75,000, exclusive of interest and cost, and is between citizens of different states.

### Timeliness of Removal

7.      This action was removed within thirty (30) days of it becoming removable.  The timing of removal is governed by 28 U.S.C. § 1446(b), which provides, in pertinent parts as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *       *       *       *
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days

after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §§ 1446(b)(1) and (3).

## Venue

8. This Court is the proper United States District Court for removal because the General Court of Justice, Superior Court Division, Wake County is located in the Western Division of the Eastern District of North Carolina.

## Other Matters

9. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in this action are attached to this Notice as Exhibit 1.

10. As indicated by the attached Certificate of Service, a copy of this Notice is being served on counsel for Plaintiff. A copy of the Notice is also being filed with the Clerk of Superior Court of Wake County.

11. This Notice of Removal is not a waiver of Endurance's defenses, including but not limited to its right to contest venue, nor should it be understood or construed as a waiver of any defense Endurance may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Endurance requests that this action be removed from the Superior Court of Wake County, North Carolina, to the United States District Court for the Eastern District of North Carolina

This the 14th day of December, 2020.

BAILEY & DIXON, LLP

By: /s/ David S. Coats
David S. Coats (dcoats@bdixon.com)
N.C. State Bar No. 16162
Attorneys for Defendant
Post Office Box 1351
Raleigh, North Carolina 27602
Telephone: (919) 828-0731
Facsimile: (919) 828-6592

AND

Richard R. Johnson (*pro hac vice* forthcoming)
Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 687-6798
rrjohnson@lockelord.com

Michael Perlis (*pro hac vice* forthcoming)
Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 687-6798
MPerlis@lockelord.com

4

# CERTIFICATE OF SERVICE

The Undersigned attorney for Defendant hereby certifies that a copy of the foregoing Notice of Removal was filed this day with the United States District Court for the Eastern District of North Carolina using the CM/ECF system, and duly served when the same was deposited in the United States Mail, first-class postage pre-paid and addressed as follows:

> James P. Cooney III
> Womble Bond Dickinson (US) LLP
> One Wells Fargo Center, Suite 3500
> 301 South College Street
> Charlotte, North Carolina 28202-6037
> jim.cooney@wbd-us.com
> *Attorneys for Plaintiff*
>
> Mitchell Dolin
> Benjamin J. Razi
> Jad H. Khazen
> Covington & Burling, LLP
> One City Center
> 850 Tenth Street, NW
> Washington, D.C. 20001-4956
> mdolin@cov.com
> brazi@cov.om
> jkhazem@cov.com
> *Pro Hac Vice* forthcoming

This the 14th day of December, 2020.

> BAILEY & DIXON, LLP
>
> By: /s/ David S. Coats
>     David S. Coats (dcoats@bdixon.com)
>     N.C. State Bar No. 16162
> Attorneys for Defendant
> Post Office Box 1351
> Raleigh, North Carolina 27602
> Telephone: (919) 828-0731
> Facsimile: (919) 828-6592