IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-672-BO

| | |
|---|---|
| DUKE UNIVERSITY, | ) |
|     Plaintiff, | ) |
| v. | )    O R D E R |
| | ) |
| ENDURANCE RISK SOLUTIONS | ) |
| ASSURANCE COMPANY, | ) |
|     Defendant. | ) |

This cause comes before the Court on defendant's motion to certify order for interlocutory appeal. [DE 35]. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

The Court dispenses with a full recitation of the background of this matter and incorporates by reference as if fully set forth herein the factual and procedural background of this matter outlined in its order entered June 8, 2021, denying defendant's motion to dismiss plaintiff's claims pertaining to the underlying *Binotti* claim pursuant to Fed. R. Civ. P. 12(b)(6). [DE 34]. Defendant now asks the Court to certify for interlocutory appeal whether plaintiff's claims pertaining to the underlying *Bionotti* claim should have been dismissed pursuant to 28 U.S.C. § 1292(b). Plaintiff opposes defendant's motion.

## DISCUSSION

Courts may certify interlocutory orders for appeal when they "invo.ve[] a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Pisgah Contractors, Inc.*, 117 F.3d 133, 136–37 (4th Cir. 1997). A controlling question of law is "a narrow question of pure law whose resolution

will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Additionally, certification of an interlocutory appeal is "appropriate where 'the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340–41 (4th Cir. 2017) (citation omitted). Interlocutory review is not appropriate where there is a disagreement as to whether there are genuine issues of material fact or "whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 341.

The requirements of § 1292(b) are to be strictly construed, *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989), and, even if the requirements are satisfied, a district court retains discretion to decline to certify an interlocutory appeal. *See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). The moving party bears "the burden of persuading the court that exceptional circumstances justify a departure" from the general policy against piecemeal appeals. *Id.* at 854.

The Court is unpersuaded that certification of interlocutory appeal is warranted in this instance. At the outset, defendant seeks to leave to appeal the denial of its partial motion to dismiss; as the litigation would continue even if the court of appeals were to reverse this Court's prior order, the question of law is not controlling and further the appeal would not materially advance the termination of the litigation. *See Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 525, 529 (E.D.N.C. 2010). Nor has defendant identified a substantial ground for difference of opinion between courts on a controlling legal issue. *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 454 (D. Md. 2015). At bottom, defendant contends that the Court wrongly applied settled law to the

facts of this case. That is not a ground for certification of an interlocutory appeal. The Court therefore, in its discretion, denies defendant's request to certify its prior order for interlocutory appeal.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion [DE 35] is DENIED.

SO ORDERED, this 5 day of October, 2021.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE