IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-672-BO

| | |
|---|---|
| DUKE UNIVERSITY,<br>    Plaintiff,<br>v.<br><br>ENDURANCE RISK SOLUTIONS<br>ASSURANCE COMPANY,<br>    Defendant. | ORDER |

This cause comes before the Court on defendant's motion to reconsider the Court's denial of its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 61]. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling.

## DISCUSSION

The Court dispenses with a recitation of the procedural and factual background of this matter. The Court has previously denied defendant's motion seeking certification of interlocutory appeal of the order denying defendant's motion to dismiss. [DE 60]. Defendant now asks the Court to reconsider its prior order under Fed. R. Civ. P. 54(b).

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in

applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions, except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion). Motions to reconsider interlocutory orders are "disfavored and should be granted sparingly." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (internal quotation and citation omitted).

The Court, in its discretion, denies defendant's motion to reconsider. Defendant has failed to satisfy the applicable standard and at bottom rehashes arguments the Court has previously considered. Moreover, the parties have now filed motions for summary judgment pursuant to Fed. R. Civ. P. 56, and thus the merits of plaintiff's claims will soon be ripe for consideration. Accordingly, and for those additional reasons articulated by plaintiff in its opposition brief, defendant's motion for reconsideration [DE 61] is DENIED.

SO ORDERED, this **31** day of January, 2022.

                                                Terrence Boyle
                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE